Next case will be 08-1071, Hartford Fire Insurance Company v. United States Mr. Van Arnam Good morning, your honor. I'm Frederick Van Arnam. I represent the appellant Hartford Fire Insurance Now, the single issue before the court today is whether Hartford's complaint challenges the decision of the Customs Service or sets out a challenge to the underlying bonded issue here But you filed this suit because you don't believe that you should have to pay Customs pursuant to the bond, correct? Yes, that's correct. We're seeking How is that not a dispute that's within the charge language of subsection A? Well, first, I don't think it's a dispute because Customs hasn't made a decision here I don't think Customs is empowered to make a decision on a contract action Now, let me explain. When you look at our case, our claims seek rescission of the bond and discharge of the surety Now, those claims accrue independent of any Customs decision or Customs action The contract is entered into and at any time thereafter, in theory, we would have a right to rescind that contract and seek discharge And let's look at this in the context of the surety world and Customs bonds An importer comes to a surety and says, I need a continuous bond to cover all my Customs entries for the next year Now, we enter into that agreement on day one And sometime thereafter, the importer decides he's going to start making Customs entries And for purposes of my hypothetical, let's just say it's 60 days later Now, let's say then on, say, day three or four, the surety learns of situation facts that give it cause to believe that its risk has been increased And it wants to have a way to go and get out from its obligations under the bond It would have the right at that time to seek rescission and have the right to seek discharge from its obligations under the bond Now, at this point in time, there's been no Customs decision Frankly, there's been no Customs activity or no Customs action at all to challenge But we still have an accrued cause of action And we still need an avenue to court so that we can go to get relieved of that obligation And that clearly lies in 1581I Now, the lower court said no They looked at the remedy that we were requesting And said, all you're really trying to do is get out from underneath paying this obligation And it basically said, you need to file a protest Which is right, correct Yes, absolutely That the result of, if this case gets put back on the calendar, we're successful in rescinding the bond Our obligation to perform there under will be discharged as to this claim And any other claim that could arise under the continuous bond But if we are forced to file a protest first Situations could arise where my client could lose a claim Could have a cause of action, in effect, taken away from it And let me give you an example Using my hypothetical of the bond being entered on day one And on day five, we discover that, in fact, the principal obligor, the importer Through material misrepresentation Had induced us to enter into the surety agreement Now, at that point in time That bond is voidable at the election of the surety Unless the obligee, in this case the government Has, in effect, provided a benefit or relied to its detriment on that bond Now, if there's been no customs activity If there's been no entry If there's been no liquidation If there's been no demand I would respectfully argue that customs has not relied on that bond And we would have a right to come to court and seek Hasn't there been a demand here? In my hypothetical, there hasn't been In this case, there has But my point I want to try to show here is that If we are forced to wait until there's a customs action At that point in time Customs will have relied on secondary obligation Well, you didn't pay, did you? We haven't paid it, no But we're in court trial It's not so terrible If you had to wait for customs to take action Well, actually, I'll address that a little later this morning Because I think there's a very important thing we have to understand A little later this morning, we won't be here Well, anyway, I was just hoping I would finish my hypothetical here Because I think it answers Judge Leprose's question In that, if we have to file a protest That means we would have to wait until customs took an action And once customs takes an action We lose the right to come in And have that surety bond voided Based on the fact that there was material misrepresentation So that's a clear ramification of having to file a protest On one of these charges Now, Judge Gordy, to address your question This court has been clear in both the Utex case And in the St. Paul case That a surety's right to defend in a 1582 action And defend on contract claims Survives liquidation Now, the end result of the lower court's decision In the Hartford case Will lead to a totally different result If this case is affirmed Let me explain What the lower court has done Is it has taken our contract claims And said, you need to file a protest on the demand We're going to take your contract-based claims And we're going to basically make you raise them At the agency level first In Cherry Hill, the Federal Circuit said That a defendant in a 1582 collection action Brought by the government against a surety To pay on a bond Cannot in fact sit back And raise as an affirmative defense A claim that could have been protested And brought to court under A jurisdiction So what the lower court's decision has done Is taken those contract claims And converted them into an A action Which now under Cherry Hill We would no longer be able to sit back And exercise our rights to be a defendant And to challenge the existence of the contract We would no longer You argue that you needn't have proceeded under 1581A That's correct But you want to proceed under I Yes But I refers back to A Civil action commenced That arises out of any law providing for Presumably for Administrative enforcement with respect to matters Referred to in subsections A to H Through H, yes So you're saying A doesn't apply But I does Even though it goes back to A Well it doesn't go back It goes back to As I read I It creates a right of action Of a private party to sue the government Based on the administration and execution of the customs laws As are enumerated in A through H As well as in 1581I Roman numeral I through Roman numeral III So it's not just simply that there's A jurisdiction It's that basically There has to be a decision That was within the jurisdiction of the Court of International Trade But it's only what needs to have been manifestly inadequate To go under A, right In order to To go under I, no You can have claims that That are not manifestly inadequate But that clearly fit within I Again I think this is But if a claim fits within A and I You go with I We'll go with A, right If a claim is clearly within the scope of A The way the courts have Interpreted the statute Starting from the Miller case forward Is that A would control But in our situation There is no A jurisdiction This is our claim And we don't believe Congress intended there to be A jurisdiction over contract claims Especially ones where we're raising Asking for equitable relief Now I need to point out that The surety relationship What relief are you asking for That you wouldn't get under A Wait, what is the relief you're seeking We're seeking to have the bond rescinded And to have our surety's obligations That arise under the bond discharged Okay, which means you don't You wouldn't be accountable for the payment We won't be accountable for this payment Or any other payment that might arise under this bond So we're seeking relief from the contract We're not challenging Customs' statement that we owe this money And it's really questionable Whether or not Customs has actually made a decision here Because what's The underlying claim here Is that the Department of Commerce has said That there are additional anti-dumping duties Owed on this particular transaction And Customs has simply said To the importer and now to the surety That you need to pay these dumping duties In the Mitsubishi Electric case The Federal Circuit held that A jurisdiction wasn't a proper avenue For the importer to challenge Anti-dumping duties Because Customs in that situation Was simply acting in an administrative manner It wasn't making any decision So if the importer can't challenge under A This type of claim Why is it that the surety Should be able to challenge it under A? But one really important point I want to make also before I go here Is that Commerce did not clearly grant to Customs The authority to adjudicate contract actions Where private rights are involved Now remember It's not just the surety and the government here You have the importer as well And rights and liabilities flow back and forth Between the importer and the surety And in my example With the material misrepresentation The actions of the principal obligor Would lead to discharge of the surety So if we had to go to Customs Customs would be put in the role Of having to adjudicate Whether or not there is in fact A material misrepresentation But you didn't bring the other party in We haven't yet But we've been thrown out of court But that's certainly a possibility Because 1583 28 U.S.C. 1583 Allows for third party practice So once we have that We can bring in the third party At the agency level We don't have that And if you look at what Congress did In the Customs Court Act of 1980 One thing they did Was they went to the jurisdictional section That controlled the jurisdiction Of the Court of Federal Claims And as you know The Court of Federal Claims Has jurisdiction over Express and implied contracts Involving the United States In the Customs Court Act of 1980 Congress carved out an exception And said anything that's within Any contract dispute Within the jurisdiction Of the Court of International Trade Is out of the jurisdiction Of the Court of Claims And into the Court of International Trade Then Congress created 1582 Which allowed the government To bring a collection action Against assurity It passed 1583 Which allowed third party practice And counter claims And cross claims And now assurity Can in fact bring in the private party So that the court can adjudicate All these various rights Which will have an impact On my claim At that same time The Customs Court Act of 1980 Implemented i-jurisdiction Allowing this broad residual jurisdiction So that a private party Could sue the government Over the government's actions If they related to the execution And enforcement And administration Of the Customs Law What Congress didn't do In the Customs Court Act of 1980 Was go into 19 U.S.C. 1514a And add a new enumerated section Saying that the Customs Service decision As to the enforceability Of an implied or express contract Is final as a matter of law The Byrd Amendment Has been repealed, right? It has been, yes So I'm into my rebuttal time here So unless there's questions I reserve it until later Let's hear it from the other side now Is it Dearburg or Dyerburg? Dearburg May it please the court The trial court Correctly dismissed this case For lack of jurisdiction Hartford does not dispute That a demand against assurity Is normally a protestable matter And that a demand against assurity Is a charge which may be protested But what they state is that This is not the type of claim That there are particular claims Not the type of claims That could have been protested But it's also, they argue That they couldn't get the relief That they really seek By going through A That's absolutely wrong, Your Honor Customs has broad authority Over customs bonds They're the one who issue the form That governs the bond They, by statute Have authority over The interpretation of the bond The enforcement of the bond Broad authority And they've exercised that authority Through regulation and through protest And in fact, as we demonstrated In our brief They have actually Hartford has in the past Protested, in that case A slightly different matter About the form of the bond But customs granted the relief They requested in that protest And canceled the charge Against the bond And customs That's entirely within Customs authority To cancel the demand Customs issued the demand Against the surety That was a protestable charge And Hartford's failure To protest that Means that that charge Is final and conclusive Because Hartford did not Protest that Within the time period required What about if I've got a claim About the Bird Amendment That it's either unconstitutional Or that it's, you know Challenging the Bird Amendment Would I have to bring that under A? Your Honor, well actually There is a lawsuit challenging The constitutionality That has been brought under A That will be heard next month I'm sorry That will be entertained under I That was decided under I By the trial court So in that case When you're challenging The Bird Amendment They conceded that the jurisdiction Was not to be found under A But rather under I Yes, and I would say That's a really different context too Because that was brought by Basically domestic parties Challenging their lack of receipt They did not receive bird money Or CPSOA money And they were challenging Their non-receipt of that money So why is that under I? I mean how come in this case You say customs has the authority To get into the bond To abrogate the bond But it doesn't have the authority To declare a statute unconstitutional I mean is that the difference Between this and the other case? No, your honor In that case There were no It's not an issue of A charge You know whether or not The charge was valid Or the process of the charge Forget the other case Hypothetically If you want to bring If you want to challenge the charge By saying that No, I'm not paying the charge Because the Bird Amendment Is unconstitutional And you shouldn't be given This money that I pay To domestic industry Would that go under A or I? Could you bring that under I? Your honor I think you have a lot stronger argument That it would go under I This court has in the past Decided cases where It's held that a It is proper to proceed under I Where it's a challenge To the constitutionality of a statute And why is that? Is that because It's clear that customs Does not have the authority Under A to abrogate a statute Is that the basis for it? I think that's the Essentially the basis that Customs has the authority To decide the constitutionality Of a statute Which is you know Supposed to enforce And that was I think The basis for that decision Although there are instances In which statutes have been held To require exhaustion of remedies Where there is even a challenge To the constitutionality of a statute And recently this year The Supreme Court decided a case Where it held that Even the constitutionality of a statute Needed to be The party needed to exhaust its remedies But I also want to add That was United States Versus Clintwood And it was I think in spring So I think it would be A question for the court Whether or not a challenge To the constitutionality of a statute Could be raised But if this court hasn't passed You know found that That is an issue that was without Customs without authority To decide And decide along those lines But that's nothing like the case here I think it's important to Really examine the nature Of these claims here To see what is it That they're asserting What they're asserting is And what they're seeking is A cancellation of the demand That customs issued This case is all about money Customs issued a demand But here it's also about the bond And that would apply in other cases And not just in this case Well your honor that's not correct Because what they're seeking In this complaint And all they really can seek Is that you have A couple single entry bonds As the name implies A single entry bond Only applies to single entries That is the entries in this case You also have a continuous entry bond And that bond only applies For a certain period of time And essentially the demand here Used up that entire period Now it is possible to have a bond Roll over and roll over But I think you know It's important to note That the CDSOA was passed In the year 2000 These bonds were executed Between 2002 and 2004 So if Hartford continued To roll this bond over Year after year And has continued to roll this over Even while engaging in litigation Regarding the validity of the bond This would raise serious questions And it's not an issue In this case because They're challenging Just their obligation To pay into the bond Is this case about Basically a failure To exhaust administrative remedies It's partially that your honor That the statute requires 1581A And the whole scheme of 1581 And also 1514 Requires first a protest With customs So it's partially about Exhaustion of remedies But it's also partially about The statute of limitations And limitations period Because Congress required A specific procedure to be followed And that procedure is To file the protest When there's a charge Or when there's You know a protestable matter You file a protest In a certain period of time Hartford did not do that And so it's about both It's about the limitations period And the exhaustion of remedies Is there a longer It's 180 days for A right? Yes And what is it for I? Two years from the accrual Cause of action for I What about the Cherry Hill case That the other side cited Which I didn't recall Necessarily from the briefs Well your honor The Cherry Hill case Is not as they suggest The Cherry Hill case said That if it is protestable You cannot use That protestable matter As a defense In your If the government Brings suit against you You cannot use that As a defense And they said That essentially If they were to hold otherwise That would open a gaping hole In the administrative scheme Which you can understand If you could just sit back Wait around You know Hope you know Hope not that the government Sues you And if they do Just use You know Whatever issue it was You should have raised Then the whole process Would be undone By allowing you To proceed in that matter The issues here And the relief that they seek Are fully within Customs authority What they're claiming Is that the CDSOA Effectively You know Changed Or affects the language Of the bond And the Such that They're not obligated To the bond They agreed to pay The United States But they didn't agree To pay the United States And have the United States Then use some of that money To provide to the domestic parties This is essentially An issue of interpretation Of the bond In order to decide this You look at the bond And you see What does it say It says you pay The United States And they presumably Will say No it should have said We agree to pay The United States For these limited purposes Or try and narrow The context In which you can pay You know you're obligated To pay the United States That's just an interpretation Of bond issue Fully within Customs authority They also say Is this a type of case That would be appropriate However to bring in The other party They haven't They haven't sought To bring in The other party But let's assume They have Yes Isn't that Isn't the other party Kind of necessary To resolve this dispute And wouldn't they Be precluded From bringing in That other party Under A Rather than Under I Yeah I'm not sure That there's any difference Whether it's A or I In terms of If they could I'm not sure That they actually Could bring in Another party But even assuming They could I'm not sure It matters For purposes of Whether they could Bring them in Whether it's A or I But I think it's important To note That they haven't really I mean this is really The first I've heard That they have any Thought of Actually bringing In another party The claim here Is not a private party Not a private dispute This is a dispute And I represent The government The government asserted A claim against Hartford Hartford is now Challenging that Demand And saying We don't want to pay That's a claim Against the government And I represent The government Just they didn't protest Exactly They didn't protest And our point is That they should have Protested And followed the Procedure that Congress required And speaking of What Congress requires I think they pay Lip service In their brief To the rule That's well established And set a law That jurisdiction Under 1581I Is not available Unless A Another subsection Jurisdiction Another subsection Is available Or could have Been available Unless manifestly Inadequate That law Has been In existence Since 1983 And has been Reaffirmed Through at least 20 decisions Of this court It's set a law What they do In their brief Is then Try to cite To Supreme Court Cases that address Other statutory Provisions And suggest These These Cases Suggest Perhaps a Balancing of Interests And those cases Are not applicable To this statute And their effort To challenge What is set a law In this case Should be Rejected They also Raise the issue At least in their Brief Of manifestly Inadequate That is not An issue that they Raised below To the trial Court That's an issue That they should Have raised It was their Burden to Demonstrate Whether or not The remedy Was manifestly Inadequate They did not Contend It was manifestly Inadequate That's essentially An alternative Argument And to the Extent that they Claim that their Remedy was Manifestly Inadequate I think it's The remedy That they Don't mention Is that they Didn't have to Enter into These bonds No one Required them To enter Into these Bonds The CDSOA Was passed In the year 2000 These bonds Were entered Into between 2002 And 2004 So the Remedy That they Ignore Is just Not entering Into those Bonds But as Soon as And when Customs issued That demand Then the Statutory Provisions Triggered That within A certain Period of Time They had To protest Otherwise It became Final and Conclusive The demand Against Hartford Was final and Conclusive Because they Didn't protest They didn't Follow the Statutory Procedure And therefore They could Not use 1581I To pursue Their claims They also Today Compare this Case to Mitsubishi A case in Which the Issue was Really about A commerce Decision And Hartford Suggests today That perhaps This is somehow Related to A commerce Decision This case Has nothing To do with A commerce Decision They don't Dispute And don't Dispute in The complaint That there are Anti-dumping Duties and They don't Dispute anything About what Commerce did What they Dispute is  Under the Bond And that Bond is a Matter wholly Within customs Authority It's in Customs Authority To interpret And it's in Customs Authority To enforce As it did Here by Issuing a Demand Against Hartford Unless There are Any further Questions We respectfully Request that The court Affirm the Decision Dismissing for Lack of Jurisdiction Thank you Mr. Van Adam I was Curious why You brought Up the Cherry Hill case In your Court When it Seems to Cut against You It does What I'm Trying to use Cherry Hill to Point out Is that If this Court Affirms the Hartford Lower Court Decision What in Effect you Will be Doing is Telling the Surety ship World that If you Have a Right to Third Party Practice If we Have to Go into Court Under a Jurisdiction We will Lose the Right to Bring in The private Party I Sure Didn't matter Whether it Was I or A In any Event You didn't Ask for It Isn't Here   To Handle It Allows the Private Party The Option You can Sit back And be Sued Under 1582 And If that Is the Case You Can Raise The Defense Or You Can Go Into Court Under 1581 As A Plaintiff Against The Government To Seek Relief As A Plaintiff And You Can Have A Court Adjudicate All The Equitable Rights That Are Flowing Between The Three Parties As For The Issue About Manifestly Inadequate The Lower Court Made A Decision That The Remedy Was Adequate So Clearly This Court Can Address That And I Would Just Put To The Court How Is It That We Can Have An Adequate Remedy If We Are Forced To File A Protest With The Lower Court And        How Is It That We Can Address That And I Would Just Put To The Court How Is It          Put To The Court How Is It That We Can Address That And I Would Just Put To The Court